PORTLAND RAILROAD EXTENSION COMPANY, Appellants.

Cumberland.    Opinion January 30, 1901.

*Statutes.    Appeal.    Street-Railroads.    Stat. 1893, c. 268; 1895, c. 84; 1897, c. 249; 1889, c. 119.*

Chapter 119, Public Laws of 1899, did not repeal chapter 249, Public Laws of 1897, which gave, if that act is constitutional, an appeal to the Supreme Judicial Court from the decision of the board of railroad commissioners upon the question as to whether public conveniences requires the construction of a street railroad.

The only effect of the act of 1899, in this respect, was to make the question as to whether public convenience requires the construction of a street railroad for public use, determinable by the railroad commissioners in the first instance, before they indorsed their approval upon the articles of association of the corporation, instead of later. The right of appeal to the Supreme Judicial Court, from their determination of that question, is given now precisely as it was before, except that the question must be earlier decided in the proceedings.

The court expresses no opinion upon any constitutional question which may be involved, no such question being raised or argued by the counsel.

ON EXCEPTIONS BY PORTLAND AND ROCHESTER RAILROAD.

This was an appeal filed in this court below by the Portland Extension Railroad Company from the decision of the board of railroad commissioners that public convenience did not require the construction of a proposed electric railway from Westbrook to Gorham. At the October term, 1899, the Portland & Rochester Railroad, a party interested and which duly appeared by counsel at the hearing before said railroad commissioners in the proceeding, in which this appeal purports to have been taken, and whose appearance in such proceeding was duly entered of record by said board of railroad commissioners, filed a motion that this appeal be dismissed from the docket of this court. This motion to dismiss was copied and made part of the exceptions.

The motion to dismiss was overruled by the presiding justice, and to such ruling of the presiding justice overruling the motion to dismiss as aforesaid the said Portland & Rochester Railroad seasonably excepted.

The case is stated in the opinion.

*C. F. Libby, F. W. Robinson and Levi Turner*, for appellants.

*J. W. Symonds, D. W. Snow, C. S. Cook, C. L. Hutchinson; N. & H. B. Cleaves*, for P. & R. R.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

WISWELL, C. J. The appeal of the Portland Extension Railroad Company from the determination of the railroad commissioners that public convenience did not require the construction of its proposed electric railway, was duly taken and entered at the October term 1897, of this court for Cumberland county, in accordance with the provisions of c. 249, Public Laws of 1897. At the term of its entry a demurrer was filed by the Portland & Rochester Railroad, a party interested and of record at the original hearing before the railroad commissioners. This demurrer was overruled at nisi prius and the ruling was sustained by the law court upon exceptions, but in that decision the court refrained from expressing

any opinion upon grave constitutional questions, not argued, but which the court suggested might be involved.

At the October term 1899, after the decision of the law court upon the demurrer had been announced, the Portland & Rochester Railroad filed a motion to dismiss the appeal, which motion was overruled by the justice presiding and the case comes to the law court upon exceptions to this ruling.

This motion to dismiss is based upon the sole reason that the statute giving the right of appeal "was repealed without exception or reservation" by the legislature of 1899. And the counsel arguing in favor of the motion state in their brief that the motion "is based wholly upon the change of legislation since the date of the former hearing."

So that, with the exception of certain preliminary questions of procedure, which, in view of our conclusion need not be considered, the only question presented, argued or to be determined is, whether or not the right of appeal given by the act of 1897, if that act is constitutional, was repealed by the legislature of 1899. And again we express no opinion upon the question respecting the constitutionality of the act which purports to give the right of appeal. This question will be considered and determined when ever the learned counsel representing these parties see fit to present and argue it, or when it may otherwise arise. Although we shall hereinafter speak of these statutes as if there were no constitutional question involved, it must be understood that we do so merely for convenience and without expressing any opinion, even by implication, in regard thereto.

For a clear understanding of the question here presented, it will be necessary to consider the original act, c. 268, Public Laws of 1893, and its subsequent amendments. The first section of that act provides for the organization of a corporation for the purpose of constructing, maintaining and operating a street railroad for public use, and contains certain requirements relative to the articles of association and the amount of capital stock. By the second section it is provided that the articles of association shall not be filed until the capital stock, not less than four thousand dollars for each

mile of road to be constructed, had been subscribed in good faith by responsible parties, and five per centum thereof paid in cash. By section three, when it is shown to the satisfaction of the railroad commissioners that all of the provisions of the first two sections have been complied .with, it is made their duty to indorse a certificate of such facts and of their approval upon the articles of association. The fourth and fifth sections contain no provisions that need be here referred to. By the sixth section, as it originally existed, it was provided that every corporation organized under the foregoing provisions, before commencing the construction of its road, should present to the railroad commissioners a petition for approval of location, defining its courses and distances, accompanied with a map of the supposed route, and with the written approval of the proposed route, as to streets, roads or ways by the municipal officers of the cities and towns in which such railway is to be constructed in whole or in part. Provision was also made in that section, in case the municipal officers should not approve the route and location, for an appeal to the Supreme Judicial Court, for the determination of the appeal and the certification of the decision to the railroad commissioners, which should be received by them in lieu of the approval by the municipal officers. Thereupon the commissioners should, subject to the provisions of section nine, not important here, indorse their approval upon the petition for approval of location, and the corporation might then, after the performance of some formal requirements, proceed with the construction of its road.

By c. 84 Public Laws of 1895, the sixth section of the act of 1893 was amended, so as to require the railroad commissioners to approve the location, "and find that public convenience requires the construction of such road," in which case the commissioners should then indorse their approval on the petition for approval of location, and the corporation might then proceed with the construction of its road, after the performance of the formal requirements. .

By c. 249 Public Laws of 1897, this sixth section was again amended by inserting a provision to the effect that any party of

record who is dissatisfied with such determination upon the question of whether or not public convenience required the construction of the road, might appeal therefrom to the Supreme Judicial Court, and the details in relation to such appeal were therein provided. This is the amendment under which this appeal was taken by the Portland Extension Railroad Company.

By c. 119 Public Laws of 1899, which is claimed to have repealed the act giving an appeal from the determination of the commissioners upon the question of public convenience, the whole of the amendment made by the previous legislature, relative to a determination by the commissioners of the question of public convenience and an appeal from their decision, upon this question, to the Supreme Judicial Court, was stricken out of that section. But the legislature of 1899, by the same act, made that same provision, relative to a determination by the commissioners of the question of public convenience, in almost identically the same language, a part of section three of the original act of 1893, and the provision of the act of 1897, relative to an appeal to this court, a part of that act in precisely the same language. So that that part of section three of the original act, which relates to the question here under consideration, is made to read as follows: "Any party of record who is dissatisfied with such determination (upon the question of public convenience) may appeal therefrom, at any time within fifteen days from the date of filing such certificate, to the supreme judicial court next to be holden in any county where any part of said railway is located, more than thirty days from the date of filing said certificate with said clerk as aforesaid, excluding the day of the commencement of the session of said court." And the identical language of the act of 1897, relative to an appeal by any interested party, in any case heard prior to the passage of that act, was retained and made a part of section three.

The effect of this act of 1899 is simply this: prior to that act, in accordance with section three as it formerly existed, it was the duty of the railroad commissioners to indorse their approval of the articles of association of such a corporation whenever they were satisfied that all the provisions of the two preceding sections had

been complied with.   It was not their duty at that time to approve the location, or to determine the question whether public convenience required the construction of the road.   They had nothing to do with either of these two questions at the time the articles of association were presented for approval, but before the corporation could commence the construction of its road, the location had to be approved, and the question of public convenience determined by the commissioners, subject to an appeal from their determination of the latter question, given by the act of 1897.   That is, prior to the act of 1899, the corporation was organized, its capital stock subscribed, the necessary amount paid in and the articles of association approved by the commissioners, all before the question of public convenience arose.   Now, by virtue of the amendments contained in the act of 1899, it is the duty of the commissioners to determine whether public convenience requires the construction of the road before they indorse their approval upon the articles of association.

But the right of appeal to the supreme judicial court from their determination of that question, is given now precisely as it was before, except that the question must be earlier decided in the proceedings.   The sole apparent purpose of the legislature, in making these amendments, was to have the question of public convenience determined in the first instance when the articles of association are filed with the commissioners, and at the same time that they are to satisfy themselves that the provisions of the first two sections have been complied with, instead of later, and the right of appeal from their determination of this question is given as clearly by the amendment of 1899 as it was in that of 1897.

The latter act merely made a transposition of the entire provision relative to a determination of the question of public convenience by the commissioners, and an appeal from that determination, from the sixth to the third section of the original act, in order that this question should be finally passed upon before the organization of the corporation was fully perfected.

In the opinion of the court this transposition in no way affects the right of the appellant to prosecute its appeal taken under the

act of 1897, which right of appeal is given by the act of 1899 in identically the same language. It was not necessary for the appellant to take a new appeal merely because, under the present statute, the question must be earlier decided in the proceedings by the commissioners.

*Exceptions overruled.*